

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

May 1, 2026

**BY ECF AND EMAIL**
The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:     ***United States v. Angel Aviles Cruz*, 26 Cr. 38 (NSR)**

Dear Judge Román:

The Government respectfully submits this letter in advance of the sentencing of defendant Angel Aviles Cruz ("Cruz" or the "defendant"), scheduled for May 8, 2026. On January 30, 2026, the defendant pled guilty to the sole count in the above-captioned Information (the "Information"), charging him with possessing with intent to distribute 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B). In a plea agreement (the "Plea Agreement"), the parties stipulated to a Guidelines range of imprisonment of 63 to 78 months (the "Stipulated Guidelines Range"), with a mandatory minimum term of imprisonment of 60 months. For the reasons set forth below, the Government submits that a sentence within the Stipulated Guidelines Range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**I.      Background and Offense Conduct**

The instant conviction resulted from the defendant's possession of approximately 520 grams of mixtures and substances containing fentanyl on July 2, 2025, which he had obtained in New York and which he was bringing back to Massachusetts when he was arrested.

Specifically, on the morning of July 2, 2025, near New Rochelle, law enforcement stopped the defendant after he committed multiple traffic violations. (*See* PSR ¶ 6.)[1] During the traffic stop, the defendant engaged in suspicious behavior, and law enforcement asked the defendant for consent to search his vehicle. (*See id.* ¶ 7.) The defendant consented and, during the search, law enforcement officers found a brown, cardboard box containing several plastic-wrapped bricks, each of which contained hundreds of glassines filled with powder. (*See id.* ¶¶ 8-10.) Subsequent lab testing determined that there were over *twenty-one thousand* glassines containing, in aggregate, approximately 520 grams of powder containing fentanyl.

---

[1] Citations to the "PSR" refer to the Revised Presentence Investigation Report, dated April 23, 2026, prepared by the United States Probation Office ("Probation") in connection with this case.

During a *Mirandized*, post-arrest interview, the defendant stated that he knew he was transporting drugs in his car, and that he was going to be paid approximately $1,500 upon his return to Massachusetts. (*See id.* ¶ 11.)

## II.    Procedural History

On July 2, 2025, the defendant was arrested in connection with this case. (*See* PSR at 1, ¶ 9.) On July 7, 2025, he was released from custody with pre-trial conditions. (*See id.* at 1.) On January 30, 2026, the defendant pled guilty before the Court to the single count in the Information, pursuant to the Plea Agreement. (*See id.* ¶¶ 1, 2.)

## III.    The Guidelines Range

In the Plea Agreement, the parties stipulated that the Guidelines range applicable to the defendant is 63 to 78 months' imprisonment, with a mandatory minimum sentence of 60 months' imprisonment. (*See id.* ¶¶ 63-64.) Probation agrees with that calculation, (*see id.* ¶¶ 16-31, 63-64), and recommends a variance down to the mandatory minimum of 60 months' imprisonment, (*see id.* at 21-22). The defendant has also requested a sentence of 60 months' imprisonment.

## IV.    Applicable Law

The Sentencing Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Though they are advisory and not mandatory, the Sentencing Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). District courts should treat the Sentencing Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *see also Booker*, 543 U.S. at 264 (explaining that district courts must "consult" the Sentencing Guidelines and "take them into account" when sentencing). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49.

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)–(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, Section 3553(a) directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## V.    A Guidelines Sentence is Sufficient But Not Greater Than Necessary

Given the need for the defendant's sentence to reflect the nature and seriousness of his offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant, the Government submits that a sentence within the Stipulated Guidelines Range of 63 to 78 months would be sufficient, but not greater than necessary, to satisfy the purposes of sentencing. *See* 18 U.S.C. § 3553(a).

*First*, a sentence within the Stipulated Guidelines Range is needed to reflect the nature and seriousness of the offense conduct, promote respect for the law, and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). The defendant participated in a scheme to distribute fentanyl, which continues to kill tens of thousands of Americans each year and drives the cycle of addiction. *See, e.g.*, U.S.S.G. App. C, Amdt. 818 (Nov. 2023) ("[T]he Centers for Disease Control and Prevention (CDC) estimates there were 107,622 drug overdose deaths in the United States in 2021, an increase of nearly 15 percent from the 93,655 deaths estimated in 2020. *The CDC attributes 80,816 of the drug overdose deaths in 2021 to synthetic opioids, primarily fentanyl*." (emphasis added)); *Fentanyl and the U.S. Opioid Epidemic*, Council on Foreign Relations (last updated Oct. 30, 2025), https://cfr.org/backgrounder/fentanyl-and-us-opioid-epidemic ("Fentanyl and other opioids have fueled the worst drug crisis in U.S. history. In recent years, fatal overdose numbers have become defined by illicit fentanyl, an extremely lethal synthetic opioid, with more than two-thirds of overdoses being from this class of drug."). The defendant's disregard for the safety of others, by trafficking this dangerous substance, strongly favors a Guidelines sentence.

*Second*, a sentence within the Stipulated Guidelines Range is necessary to provide specific deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). At the time he committed the instant offense, the defendant had committed two prior felonies—one of which involved narcotics trafficking—resulting in total sentences of well over a decade in prison. These sentences were apparently insufficient to deter the defendant from engaging in yet more trafficking of deadly narcotics.

The defendant's first-known conviction occurred in 1996, when he was sentenced to, among other things, eight-to-ten years' imprisonment in Massachusetts state court in connection with the rape and beating of the mother of his four children, one of whom the defendant subsequently kidnapped. (*See* PSR ¶ 28.) Specifically, in violation of an active restraining order, the defendant broke into the victims' home, beat the mother of his children, and then raped her. (*See id.*) When she left the apartment to get help, the defendant kidnapped his five-year-old daughter and fled the scene. (*See id.*) The defendant later returned to the victims' home, barricading

himself in a room and putting a knife to the throat of his five-year-old daughter. (*See id.*) After arriving at the scene, police officers subdued the defendant and arrested him. (*See id.*) In November 2006, after serving his custodial sentence, the defendant was released to probation. (*See id.*)

The defendant's second-known conviction occurred due to conduct he committed while on probation from the aforementioned 1996 conviction. (*See id.* ¶¶ 28-29.) Specifically, beginning in the fall of 2008—less than two years after release from his prior conviction—the defendant participated in a heroin-trafficking conspiracy. (*See id.*) Following his arrest, the defendant was found in possession of 340 bags of heroin, totaling 7.97 grams. (*See id.* ¶ 29.) On October 27, 2010, in the United States District Court for the District of Massachusetts, the defendant was sentenced to 37 months' imprisonment as a result of this conviction. (*See id.*)

In light of the defendant's troubling criminal history, a sentence within the Stipulated Guidelines Range is warranted, to demonstrate to the defendant that future criminal wrongdoing will be met with increasingly significant punishments should he continue to recidivate. Indeed, that the defendant was now found in possession of more than twenty thousand glassines containing fentanyl suggests that, rather than reforming, his involvement in the drug trade is deepening.

*Third*, a sentence within the Stipulated Guidelines Range is appropriate to ensure general deterrence and send the message that those who traffic fentanyl, an exceptionally dangerous drug, will receive appropriate punishment. *See* 18 U.S.C. § 3553(a)(2)(B).

*Fourth*, a sentence within the Stipulated Guidelines Range is necessary to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). As set forth above, the defendant's criminal history contains a prior conviction for exceptionally violent conduct, including against children, as well as a prior narcotics trafficking conviction. Furthermore, and as set forth above, the instant offense involved fentanyl, a scourge on our society that is responsible for the deaths of tens of thousands of Americans per year. A sentence within the Stipulated Guidelines Range will provide additional protection for the public relative to the mandatory minimum sentence requested by the defendant and recommended by Probation.

## VI. Conclusion

For these reasons, the Government respectfully submits that a sentence within the Stipulated Guidelines Range would be sufficient but not greater than necessary in this case.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:_____
Carmi Schickler
Assistant United States Attorney
(914) 993-1927

cc:    Elizabeth Quinn, Esq.